# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| John Drowns, | Case No. 2:23-cv-02066-CDS-NJK |
| Plaintiff | **Order Rejecting Proposed Joint Pretrial Order** |
| v. | |
| GNLV, LLC, | [ECF No. 34] |
| Defendant | |

Plaintiff John Drowns and defendant GNLV, LLC have filed a second proposed joint pretrial order (ECF No. 34) that, like its predecessor, violates Local Rules 16-3 and 16-4.

First, § IV is inconsistent and erroneous.[1] Here, the parties have created a heading titled "Contested Issues of Facts," however, they also include the proper language from Local Rule 16-4 § IV ("The following facts, though not admitted, *will not be contested* at trial by evidence to the contrary[.]") (emphasis added). ECF No. 34 at 2.

Second, in their respective schedule of exhibits, both sides list some of the same exhibits.[2] *Compare* ECF No. 34-1 at 1 (plaintiff's complaint and defendant's answer) *and* (Sunrise Hospital medical records) *with* ECF No. 34-2 at 1 (plaintiff's complaint and defendant's answer) *and* (medical imaging and records from Sunrise Hospital). It therefore seems obvious that the parties did not discuss stipulating as required by Local Rule 16-3(b)(8)(B) ("Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible."). Further, GNLV's exhibit list does not fully comply with Local Rule 16-3(b)(8), which requires parties to list their trial exhibits and describe them "sufficiently for ready identification[.]" There are two entries that include Bates numbering but do not identify the

---

[1] The parties have also erroneously titled § V as "Contested Issues of Law" but included the correct language for that section, "[t]he following are the issues of fact to be tried and determined at trial.".

[2] I note that parties have attached their schedule of exhibits as separate exhibits, however, this schedule must be included within the joint pretrial order, as provided in LR 16-4, not as separate attachments.

exhibit whatsoever. ECF No. 34-2 at 1, 2. Lastly here, the parties fail to (1) identify the exhibits the parties agree can be admitted at trial and may be marked by the clerk, (2) list grounds for objections to the opposing party's exhibits, or (3) state whether the parties intend to present electronic evidence. *See* Local Rules 16-3(b)(8)(A), (B) and (9); *see also* Local Rule 16-4 § VII.

The proposed order also states that the parties "agree to exchange any deposition designations and counter-designations pursuant to the Court's scheduling order." ECF No. 34 at 3. However, Local Rule 16-3(b)(10) requires parties to identify the depositions they intend to offer at trial, "designating the portions of the depositions to be offered" so that each side may state their objections as required by Local Rule 16-3(b)(11).

Finally, both parties' witness lists include numerous "FRCP 30(b)(b)" representatives, which might be unnecessary if the parties have some meaningful discussions on admissibility, authenticity, and/or identification of documents. More effort is required here to streamline trial preparation and presentation, and to foster settlement.

## Conclusion

I therefore order that the second proposed joint pretrial order **[ECF No. 34] is REJECTED**. The parties are again ordered to consult the April 17, 2020 Local Rules of Practice for content and formatting information before submitting a third proposed joint pretrial order by October 22, 2025.

Dated: September 22, 2025

_____
Cristina D. Silva
United States District Judge